Cliff Palefsky, Esq. (State Bar No. 77683)
Carolyn Leary, Esq. (State Bar No. 226845)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Tel: (415) 421-9292
Fax: (415) 403-0202

Attorneys for Plaintiff,
TAYLER BAYER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

TAYLER BAYER,

    Plaintiff,

vs.

NEIMAN MARCUS HOLDINGS, INC.

    Defendant.

Case No.

**COMPLAINT FOR DISABILITY DISCRIMINATION AND RETALIATION**

**JURY TRIAL DEMANDED**

Plaintiff TAYLER BAYER complains and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff TAYLER BAYER ("BAYER") is a resident of the City of Oakland, which is located in Alameda County. Throughout his employment with Defendant NEIMAN MARCUS HOLDINGS, INC. ("NEIMAN MARCUS"), he has worked in San Francisco.

COMPLAINT

1

2. At all relevant times, Defendant NEIMAN MARCUS was a corporation authorized to do business in, and doing business in, the State of California, and which maintains an office in the city and county of San Francisco. NEIMAN MARCUS is an upscale specialty retail department store.

3. This action arises under the Americans with Disability Act, 42 U.S.C. §§ 12101 et seq., as amended.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

4. BAYER began working for Defendant as a full-time Cosmetic Sales Associate on March 20, 2006.

5. BAYER suffers from emphysema, a chronic respiratory condition with which he was diagnosed in approximately April 2007. In March 2007, due to complications associated with his as yet undiagnosed condition, BAYER'S physician placed him on medical leave. BAYER informed Defendant of his need to take a medical leave and complied with Defendant's request for supporting medical documentation.

6. When BAYER returned to work on June 1, 2007, he did so with certain medical restrictions, of which his employer was informed. Specifically, BAYER was released to work for no more than four eight-hour days per week.

7. Consistent with his physician's instructions, BAYER requested that Defendant modify his full-time work schedule by allowing him to work four eight-hour shifts per week.

8. Defendant refused to allow BAYER to work four eight-hour shifts per week. Instead, Defendant insisted that BAYER work no more than a six-hour shift per day.

9.  Because BAYER'S medical restrictions limited him to a four day week schedule, Defendant's refusal to accommodate BAYER meant that BAYER could only work a maximum of twenty-four hours per week. Consequently, BAYER lost his status as a full-time employee.

10. Employees of Defendant who work part-time (less than thirty hours per week) are not eligible for certain benefits, including medical and dental insurance, life insurance, and participation in the company's 401(k) plan. Because Defendant would not allow BAYER to work full-time, not only was BAYER'S income reduced, he was no longer eligible for the aforementioned benefits. In addition, the reduction in work hours meant that BAYER became ineligible for benefits under the Family Medical Leave Act.

11. On June 20, 2007, BAYER filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability and retaliation. The EEOC complaint was cross-filed with the DFEH.

12. On, October 24, 2007, the EEOC issued BAYER his right-to-sue letter. BAYER brings this lawsuit within ninety days of receiving his right-to-sue letter from the EEOC.

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### (42 U.S.C. § 12112)

13. Plaintiff incorporates by reference as though fully set forth herein, paragraphs 1 through 12, above.

14. At all times relevant to this complaint, BAYER has been a person with a disability within the meaning of the ADA, 42 U.S.C. § 12101 *et seq*. BAYER is substantially limited in numerous major life activities, including breathing, has a record of such limitations, and is regarded by Defendant as having such limitations.

15. At all times relevant to this Complaint, BAYER was qualified for, and could perform the essential functions of the Cosmetic Sales Associate position with or without reasonable accommodation.

16. Pursuant to 42 USC § 12112(a), it is unlawful for an employer to discriminate against an employee because of that employee's physical disability.

17. Pursuant to 42 U.S.C. § 12112, it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a physical disability.

18. Defendant refused to modify BAYER'S full-time work schedule by allowing him to work at least thirty-hours within no more than four days per week. As a result, BAYER'S hours and pay were reduced, and he became a part-time employee. As a part-time employee, BAYER is ineligible for certain employer-provided benefits, including medical, dental and life insurance, and participation in Defendant's 401(k) plan. The reduction in hours also caused BAYER to lose his eligibility for benefits under the Family Medical Leave Act.

19. Defendant violated the ADA by, among other things, refusing to modify BAYER'S full-time work schedule, by requiring BAYER to work part-time, and by failing to engage in the interactive process.

20. As a direct and proximate result of Defendant's wrongful conduct, BAYER has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

21. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward BAYER with malice, oppression, fraud, and with willful and conscious disregard of BAYER'S rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### RETALIATION
**(42 U.S.C. § 12101 et seq.)**

22. Plaintiff hereby incorporates by reference the allegations set forth in ¶¶ 1 through 21, as though fully set forth herein.

23. Under 42 U.S.C. § 12203, it is unlawful for an employer to take adverse action against an individual who has opposed any practice the ADA makes unlawful or who has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing to enforce the ADA.

24. As described above, BAYER requested that Defendant allow him to work a modified, full-time schedule as an accommodation for his disability. Defendant refused to grant BAYER this accommodation and required BAYER to work a part-time schedule. The change in BAYER'S status to part-time had an adverse impact on BAYER in that his income was reduced, and he was no longer eligible for certain employer-provided benefits, including medical, dental and life insurance, and participation in the 401(k) plan. In addition, the reduction in hours caused BAYER to lose his eligibility for benefits under the Family Medical Leave Act.

25. Defendant's decision to reduce BAYER'S schedule to part-time was based, at least in part, upon BAYER'S request for a reasonable accommodation. A request for reasonable accommodation is protected activity under the ADA.

26. As a direct and proximate result of Defendant's wrongful conduct, BAYER has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

27. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward BAYER with malice, oppression, fraud, and with willful and conscious disregard of BAYER'S rights, entitling him to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### (California Government Code § 12900 *et seq.*)

28. Plaintiff incorporates by reference as though fully set forth herein, paragraphs 1 through 27, above.

29. At all times relevant to this Complaint, California Government Code § 12900 *et seq.* and its implementing regulations was in full force and effect.

30. Pursuant to Government Code § 12940(a), it is unlawful for an employer to discriminate against an employee because of that employee's physical disability.

31. Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail or refuse to provide a reasonable accommodation to an employee with a physical disability.

32. Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage in the interactive process to assess whether or not a reasonable accommodation could be made for an employee with a physical disability.

33. Pursuant to Government Code § 12926 and § 12926.1, BAYER'S emphysema qualifies as a physical disability.

34. At all times relevant to this Complaint, BAYER was qualified for, and could perform the essential functions of the Cosmetic Sales Associate position, with or without reasonable accommodation.

35. Defendant violated Government Code § 12940(a), (m), and (n) by, among other things, refusing to modify BAYER'S full-time schedule, by instead requiring BAYER to work a part-time schedule, and by failing to engage in the interactive process.

36. As a direct and proximate result of Defendant's wrongful conduct, BAYER has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

37. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward BAYER with malice, oppression, fraud, and with willful and conscious disregard of BAYER'S rights, entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### RETALIATION
### (California Government Code Section 12900 *et seq.*)

38. Plaintiff hereby incorporates by reference the allegations set forth in ¶¶ 1 through 37, as though fully set forth herein.

39. At all times relevant to this complaint, Government Code § 12900 *et seq.* and its implementing regulations were in full force and effect. Under Government Code Section 12940(h), it is unlawful for an employer to terminate or otherwise discriminate against a person in compensation or in the terms, conditions or privileges of employment, on account of that person's reporting, or opposing conduct which violates the Fair Employment and Housing Act and all of its components.

40. As described above, BAYER requested that Defendant allow him to work a modified, full-time schedule as an accommodation for his disability. Defendant refused to grant BAYER this accommodation and BAYER was subsequently required to work a part-time schedule. The change in BAYER'S status to part-time had an adverse impact on BAYER in that his income was reduced and he was no longer eligible for certain employer-provided benefits, including medical, dental and life insurance, and participation in the 401(k) plan. In addition, the reduction in hours caused BAYER to lose his eligibility for benefits under the Family Medical Leave Act.

41. Defendant's decision to reduce BAYER'S schedule to part-time was based, at least in part, upon BAYER'S request for a reasonable accommodation. A request for reasonable accommodation is protected activity under the FEHA.

42. As a direct and proximate result of Defendant's wrongful conduct, BAYER has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

43. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward BAYER with malice, oppression, fraud, and with willful and conscious disregard of BAYER'S rights, entitling him to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

1. For economic damages according to proof;
2. For general, non-economic damages according to proof;
3. For punitive damages;
4. For attorneys' fees;
5. For costs of suit;

COMPLAINT

6.  For interest on all sums awarded; and

7.  For such other relief as the Court deems proper.

### JURY TRIAL DEMANDED

Dated: January 22, 2008

McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff

By: _____
Carolyn Leary

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

COMPLAINT

9

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

TAYLER BAYER

v.

NEIMAN MARCUS HOLDINGS, INC.

  

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

C 08 0480

**EMC**

TO: (Name and address of defendant)

NEIMAN MARCUS HOLDINGS, INC.
1618 Main Street
Dallas, TX 75201

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Cliff Palefsky
McGUINN, HILLSMAN & PALEFSKY
535 Paific Avenue
San Francisco, CA 94133

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 1-22-08

(BY) DEPUTY CLERK

MARY ANN BUCKLEY